Submitted on record and briefs May 29, reversed and
remanded for a new trial July 27, 1981

## STATE OF OREGON,
*Respondent,*

*v.*

## DAVID WALLEY SIPE,
*Appellant.*

(Nos. 80-1099-M, 80-19828-K, 80-19826-I,
80-19827-K, CA 19545)

631 P2d 803

David G. Cromwell, Grants Pass, and Cromwell & Hess,
Grants Pass, filed the brief for appellant.

Dave Frohnmayer, Attorney General, William F. Gary,
Solicitor General, and James C. Rhodes, Assistant Attor-
ney General, Salem, filed the brief for respondent.

Before Gillette, Presiding Judge, and Roberts and
Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant was convicted after jury trial of Driving While Under the Influence of Intoxicants, Reckless Driving, Recklessly Endangering Another and Attempting to Elude a Police Officer. All the charges arise out of one sometimes high-speed chase of 20 miles. He appeals, assigning four errors. We reverse and remand for a new trial.

Defendant's first assignment of error is the trial judge's instructing the jury, over his objection, as follows:

> "I instruct you that prior to trial it has been determined that Defendant is competent to stand trial and he is not suffering from any mental disease or defect and a defense of that nature is not available to the Defendant."

Defendant points out—and the state acknowledges — that he had not raised a "mental disease or defect" defense in this case.

It is difficult to imagine a circumstance in which the giving of this instruction would be appropriate in the absence of a tendered defense of mental disease or defect and, assuming such a circumstances may ever exist, it did not exist in this case. Defendant took the stand and related a story of the incident which was little short of bizarre. The judge's instruction essentially told the jury, "The man before you is telling a deranged story, but he is not deranged." The logical inference—that defendant was faking—made the instruction a direct and unfavorable comment upon his credibility. It was prejudicial error and requires a new trial.[1]

Defendant's second assignment of error is the denial of his motion for a judgment of acquittal on the Attempting to Elude charge because, he says, there was no testimony that the police vehicles involved in the chase were "appropriately marked." We must believe this argument is made tongue in cheek. An officer described various cars as being "marked," having "flashers," being "city units," being a "Sheriff's unit," and in other ways.

---

[1] The state does not challenge the way in which defendant raised this issue at trial.

Defendant next assigns as error the denial of his motion for judgment of acquittal on the Recklessly Endangering charge. We now assume the tongue has shifted to the other cheek. Defendant twice rammed a police car with his own car while both vehicles were driving 25 miles per hour and accelerating on a narrow and wet bridge.

Finally, defendant argues that the Recklessly Endangering and Reckless Driving charges should have been merged. Defendant does not set out in his brief any motion he may have made to the trial court in this respect but, aside from that, we see no basis for merging 20 miles of reckless driving with a further and different sort of reckless act at the end of those 20 miles.

Reversed and remanded for a new trial.