Argued and submitted August 31, affirmed December 7, 1981,
reconsideration denied February 11,
petition for review denied March 16, 1982 (292 Or 722)

# STATE OF OREGON,
*Respondent,*

*v.*

# HAROLD ARMSTRONG,
*Appellant.*

## (No. 80-360C, CA A20571)

637 P2d 200

Marilyn C. McManus, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Rudolph S. Westerband, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

The incident which precipitated this criminal case began when the victim ran a stop sign and his car collided with the defendant's car. Both men stepped out of their cars and, as the victim began to walk from his car toward the defendant, he heard gunshots and felt what he later discovered to be gunshot wounds in his side. He was shot while still beside his own car and before he had exchanged any words with the defendant. The two men subsequently grappled briefly before leaving the scene. Defendant was found guilty after trial by jury of the offense of attempted murder. ORS 163.115; 161.405. He appeals. We affirm.

Prior to trial, defendant notified the state that he intended to raise mental disease or defect as an affirmative defense. At trial, defendant did not offer any expert evidence concerning his psychological condition at the time of the shooting. The only testimony in his case even arguably related to this subject was that of Mrs. Alfred, his mother. She testified about a gunshot wound in the abdomen, the defendant had received in an incident in May, 1977. The wound had required extensive medical care. Mrs. Alfred described her son's behavior after that 1977 incident this way:

"Q. [MR. ANDERSON] Mrs. Alfred, after Harold [the defendant] was shot, was there anything in your observation that indicated that he had fears?

"A. Had fears?

"Q. Of being shot again?

"A. Every year following that after he came out of the hospital, it seemed that something bothered him, and the closer to May 15th it came, seemed like that was the worse it got.

"MR. ANDERSEN: No further questions.

"THE WITNESS: He seemed to be afraid.

"Q. BY MR. ANDERSEN: I am sorry?

"A. He seemed to be afraid." (Emphasis supplied.)

Immediately after Mrs. Alfred's testimony, the defense rested. The state then called two psychiatrists, who testified that, in their opinions, defendant was not suffering from a mental disease or defect at the time he shot the victim in this case. Defendant objected to the testimony of the first psychiatrist as follows:

"I would object to [testimony concerning defendant's mental state] *as not being an issue in the case.*" (Emphasis supplied.)

As to the second psychiatrist, he stated:

"We again would raise the objection to that question inasmuch [as] in this case *we have not raised mental disease or defect.*" (Emphasis supplied.)

In his brief on appeal, defendant styles these two objections as "relevancy" objections and argues that they were well taken because "defendant offered no *evidence* of mental disease or defect * * * ." (Emphasis supplied.)

While we are inclined to agree with defendant that the lay evidence he had offered was not sufficient to make a jury issue on the defense of mental disease or defect, we are not required to so hold. Even if defendant's evidence *did* raise the issue, counsel's later objections were a clear waiver of the defense. It follows that the trial judge erred in admitting the rebuttal testimony. *Cf. State v. Sipe,* 53 Or App 201, 631 P2d 803 (1981).

The remaining question is whether the court's erroneous ruling was prejudicial. An independent witness at the scene verified the victim's version of the way the shooting occurred; scientific evidence showed defendant's car and the victim's car had collided; defendant confessed and told the officers where to find the gun he had used; and the gun was subsequently discovered where defendant said it would be. The error was harmless. *State v. Van Hooser,* 266 Or 19, 511 P2d 359 (1973).

Affirmed.[1]

---

[1]Defendant's other assignments of error, including one challenging the admissibility of his confession, do not require discussion.