Argued January 8, affirmed June 21, 1973

# STATE OF OREGON, *Respondent, v.*
# HAROLD LYNN VAN HOOSER, *Petitioner.*

511 P2d 359

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for petitioner. On the briefs were Gary D. Babcock, Public Defender, and J. Marvin Kuhn, Deputy Public Defender, Salem.

*Doyle L. Schiffman,* District Attorney, Roseburg, argued the cause and filed a brief for respondent.

DENECKE, J.

The defendant was convicted of the kidnapping and rape of a 12-year-old girl. The Court of Appeals decided error had been committed in the trial court but found it was not prejudicial and affirmed. 11 Or App 146, 501 P2d 78 (1972). We granted defendant's petition for review.

Both assignments of error charge the improper receipt of testimony by an alleged accomplice, Kirk. Kirk's testimony included the following exchange with the prosecutor:

"Q While you were both together in front of the officers, did you ever tell officers in front of the defendant here that you were both involved in this rape?

"A Yes.

"Q And kidnap of the girl?

"A Yes.

"Q Did he say anything to you as a result of that?

"A No."

Defendant moved to strike the answers as being in violation of ORS 136.540 (2).[1] The trial court denied the motion. The Court of Appeals found the ruling in error. The prosecutor admitted in oral argument before this court that the motion to strike should have been granted. However, he stated that the question itself was not objectionable because he expected the witness to answer that the defendant had threatened him with revenge if he continued to implicate defendant. The witness subsequently testified he was threatened.

We agree that the ruling was in error for the reason stated by the Court of Appeals.

We granted the petition for review to examine

---

[1] ORS 136.540 (2): "Evidence of a defendant's conduct in relation to a declaration or act of another, in the presence and within the observation of the defendant, cannot be given when the defendant's conduct occurred while he was in the custody of a peace officer unless the defendant's conduct affirmatively indicated his belief in the truth of the matter stated or implied in the declaration or act of the other person."

that part of the Court of Appeals' decision affirming the conviction, despite error, pursuant to Art VII, § 3, of the Oregon Constitution, which provides:

"* * * If the supreme court shall be of opinion, after consideration of all the matters thus submitted, that the judgment of the court appealed from was such as should have been rendered in the case, such judgment shall be affirmed, notwithstanding any error committed during the trial; * * *. Provided, that nothing in this section shall be construed to authorize the supreme court to find the defendant in a criminal case guilty of an offense for which a greater penalty is provided than that of which the accused was convicted in the lower court."

ORS 138.230 also provides:

"After hearing the appeal, the court shall give judgment without regard to the decision of questions which were in the discretion of the court below or to technical errors, defects or exceptions which do not affect the substantial rights of the parties."

We most recently examined these provisions in *State v. McLean,* 255 Or 464, 473-481, 468 P2d 521 (1970). There, the defendant had been found guilty of an aggravated assault while he and the victim were inmates of a county jail. We observed that it may have been error to refuse to permit the defendant to introduce evidence that he was acquitted of the charge for which he was awaiting trial at the time of the assault.

Our decision in *McLean* was:

"We hold, however, in accordance with the terms and purposes of that statute and the constitutional provision, that in a case in which, despite some conflict in the testimony, there is substantial and

convincing evidence of guilt and error, if any, was either so technical in nature or so unsubstantial that this court can affirmatively find, as a practical matter, that there was 'little, if any, likelihood of having changed the result of the trial', this court may then, in its discretion, exercise its power to affirm the verdict and judgment of the trial court, notwithstanding the existence of such error." 255 Or at 479.

We have concluded upon further reflection that our statement may be misleading in two respects.

■ First, we melded the constitutional amendment and statute into one principle, whereas, the language of the amendment is broader and because of its constitutional status is controlling.[2] Within the decade after the adoption of the amendment and when this court had members who had taken an active part in the adoption of the amendment, we commented: "There can be no question but that the amendment of Article VII of the Constitution in 1910 changed, or at least accentuated the law as it stood before in regard to prejudicial errors, in favor of an affirmance of a judgment unless actual prejudical error appears." *State v. Merlo,* 92 Or 678, 689, 173 P 317, 182 P 153 (1919). The principal opinion in *State v. Cahill,* 208 Or 538, 582, 293 P2d 169, 298 P2d 214, cert den 352 US 895, 77 S Ct 132, 1 L Ed2d 87 (1956), is to the same general effect.

■ The standard fixed in the amendment should be the sole criterion for determining whether the judgment should be affirmed.

Second, we stated in *State v. McLean,* supra

---

[2] We have previously on occasion treated the two together. For example, State v. Herrera, 236 Or 1, 386 P2d 448 (1963).

(255 Or 464), that if the conditions of the amendment and the statute were met we could, in our "discretion" affirm. Art VII, § 3, states that if its conditions are met, " 'such judgment *shall* be affirmed, notwithstanding *any* error committed during the trial.' " 255 Or at 476. No discretion is permitted by the mandate of the amendment.

The amendment provides that the judgment should be affirmed if we are "of opinion * * * that the judgment was such as should have been rendered in the case, * * * notwithstanding any error committed during the trial."

This court has interpreted this language in several different ways in deciding criminal cases and yet in other ways in deciding civil cases. See Lusk, *Forty-Five Years of Article VII, Section 3, Constitution of Oregon,* 35 Or Law Rev 1 (1955). This is not surprising considering the complexity of the concept of harmless error. Traynor, The Riddle of Harmless Error (1970).

In *State v. Rader,* 62 Or 37, 41, 124 P 195 (1912), the court stated: "If the evidence were clear and without contradiction, we would ourselves try out the case here, as we have a right to do under our amended constitution, but it is wholly circumstantial, and the facts can be much better determined by a jury of the vicinage than by us." This was followed in later cases, for example, *State v. Merlo,* supra (92 Or 678).

In another line of cases we held: " '[U]nless the record conclusively shows that the error in the admission of incompetent evidence was not prejudicial to the party objecting, the judgment should be reversed.' " *State v. Thomson,* 203 Or 1, 14-15, 278 P2d

142 (1954), quoting from *State v. Hatcher*, 29 Or 309, 313, 44 P 584 (1896). Followed in *State v. Harley*, 218 Or 263, 267-270, 344 P2d 773 (1959) ; and *State v. Gardner*, 225 Or 376, 383, 358 P2d 557 (1961). This interpretation was rejected in *State v. McLean*, supra (255 Or at 476).

Mr. Justice BRAND wrote several opinions for the court which may express still a different view of the court's function under the amendment. In *State v. Folkes*, 174 Or 568, 618-619, 150 P2d 17 (1944) (the lower-13 case), he wrote:

"* * * We believe the verdict would have been the same had no error been committed in the case at bar, but the constitutional test is plain and explicit. It does not involve a vague psychoanalysis as to what the jury would have done. The test is whether, *in the opinion of the Supreme Court* the judgment should be affirmed. * * *."

Mr. Justice BRAND probably intended his majority opinion in *State v. Cahill*, supra (208 Or at 575, 582), to be a reiteration of this principle.

■ If the above quotation interprets the amendment to mean that this court is required to try the case de novo, omitting the improperly introduced evidence, and affirm if we find the defendant guilty, we do not adopt such an interpretation. It may be contrary to another part of the same amendment, which provides: "* * * [A]nd no fact tried by a jury shall be otherwise re-examined in any court of this state * * *." Such an interpretation also would be suspect in light of our state and the federal constitutional guarantees of the right of trial by jury.

■ In *McLean* we laid down two requirements for affirmance despite error: (1) that there was sub-

stantial and convincing evidence of guilt; and (2) that the error committed was very unlikely to have changed the result of the trial. While in *McLean* we were of the opinion that these were a composite of the requirements of both the amendment and the statute we believe they are reasonable criteria to use in complying with the constitutional mandate.[9]

■ We are of the opinion that the error in this case was very unlikely to have changed the results of the trial.

The prosecution made no attempt in argument or otherwise to characterize or emphasize that defendant's silence amounted to an admission of guilt. Any inference of guilt that could be drawn from defendant's silence was overshadowed by the much more compelling evidence consisting of Kirk's unequivocal testimony that defendant committed the crime.

The evidence of defendant's guilt is convincing to us. That evidence is set out in the Court of Appeals' opinion. The evidence is conflicting. The defendant testified he was at a friend's home watching television when the crime was committed. Three friends corroborated this. In *State v. McLean,* supra (255 Or 464), the defendant also denied committing

---

[9] We do not have here the issue of whether the defendant has received a fair trial. If that issue is present the amendment may require different considerations. Interpreting the amendment, we stated: "If the only way defendants can be assured fair trials is for appellate courts to reverse an occasional judgment in the face of what well may be overwhelming evidence of guilt, then that is the course we must take." State v. Wederski, 230 Or 57, 62, 368 P2d 393 (1962).

In State v. Folkes, supra (174 Or at 619), we stated: "If we were of the opinion, on examination of the entire record, that the defendant did not have a fair trial before the jury, an entirely different question as to the applicability of Art VII, § 3, would be presented."

the crime and was corroborated by four witnesses. We are strongly influenced, as was the Court of Appeals, by the evidence that the victim bled; that blood of her type was in the car where the rape occurred; and that defendant's fingerprint was in the blood in the car. Defendant offered no explanation for the presence of that print.

The other ruling which the defendant contends was erroneous was less serious than the ruling we have just discussed and we summarily conclude that even if such ruling were in error it would not be grounds for reversal.

Adopting the criteria set forth above, we find "the judgment of the court appealed from was such as should have been rendered," and, therefore, affirm.[4]

---

[4] The defendant did not contend at trial or on appeal that permitting testimony of defendant's silence in the face of the accomplice's accusation was violative of the Fifth Amendment prohibition against self-incrimination; therefore, we do not consider that issue. See Ivey v. United States, 344 F2d 770 (5th Cir 1965).