Argued and submitted August 25, affirmed November 3,
reconsideration denied December 12,
petition for review allowed December 23, 1980 (290 Or 271)
See later issue Oregon Reports

STATE OF OREGON,
*Respondent,*
*v.*
CHARLES EVANS NAYLOR,
*Appellant.*

(No. 115,658, CA 17295)

618 P2d 1311

Marianne Bottini, Deputy Public Defender, Salem,
argued the cause for appellant. With her on the brief was
Gary D. Babcock, Public Defender, Salem.

Karen H. Green, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

The defendant was found guilty by a jury of the crime of burglary in the first degree.[1] He was sentenced to the custody of the Oregon State Corrections Division for a period of six years to "run consecutive to any sentence or sentences the defendant may now be serving." The defendant has appealed. He has assigned as error: (1) the trial court's refusal to instruct the jury on criminal trespass in the second degree as a lesser included crime, and (2) the imposition by the trial court of a consecutive sentence. We affirm.

At the trial a deputy sheriff for Marion County testified that on November 2, 1979, at 2:30 a.m., he saw a "suspect" vehicle parked near a mobile home sales lot. The business was closed and two individuals were standing between the vehicle and a mobile home. The deputy requested a back-up unit, made a U-turn and returned to the lot. As the deputy approached he heard the "suspect" vehicle accelerating and going away from the lot. The deputy followed the vehicle at speeds approaching 80 to 85 miles per hour for approximately a mile and a quarter when it skidded to a stop in a residential driveway.

The defendant was the driver of the vehicle. The deputy obtained the defendant's consent for a search of the vehicle and his person. The search of the vehicle disclosed several chairs in the back seat and the trunk, three pairs of hand gloves and a pair of pliers under the front seat and a small red tool box. Inside the tool box was what the deputy believed to be a home-made "ignition punch" and described as a metal rod and screw which "pops out doorknobs and ignitions." The search of the defendant's person disclosed a screwdriver and a small penlight.

The backup deputy sheriff testified that he arrived at the mobile home sales lot at 2:40 a.m. He found that the back door to a mobile home had been pried open. Chairs, table lamps, pottery and other furniture were outside the trailer. He looked for finger prints and found none.

---

[1] Defendant was indicted for burglary in the first degree for the unlawful entry into a vacant mobile home on a sales lot, while armed with burglar's tools, with the intent to commit theft.

The defendant testified that on the evening prior to his arrest he was visiting at an apartment occupied by Al Grover and Laurie Nelson. The only furniture in the apartment was an "old black bean bag chair." At about 10 p.m. two men, who were strangers to the defendant, arrived with a truck load of furniture at the direction of Randy Nelson — the brother of Laurie Nelson. The strangers told the defendant that the furniture came from the "mobile home place" on Silverton Road. The defendant told the men that "we don't need any problems" and asked them to return the furniture. They refused. The defendant decided to return the furniture, but waited until 1 a.m. because he was on parole for burglary and did not want to be seen by the police.

The defendant testified that he scouted the mobile home lot and found a door that was open. The chairs inside the mobile home were similar to the ones that he was returning. The defendant made three trips from the apartment to the mobile home lot returning the furniture. On the second or third trip he picked up James Grover, the younger brother of Al Grover. The defendant left the furniture which he was returning outside the mobile home. When the defendant saw the police car he yelled at Grover and they got in the car and fled.

The defendant also testified that the gloves and tool box were in the automobile when he bought it a few days before the incident. The defendant explained that the instrument identified by the deputy sheriff as an "ignition punch" was in fact devised by his instructor while he was taking a course in body and fender work at OSCI. They were planning on marketing it. The instrument was not an "ignition punch," but a "body puller" to pull small dents out of the body of cars.

The trial court instructed the jury on both first and second degree burglary. The jury returned a verdict of guilty of first degree burglary. The defendant requested the trial court to instruct the jury on the lesser included offense of criminal trespass in the second degree. The trial court refused. This refusal is assigned by the defendant as error.

*State v. Washington,* 273 Or 829, 543 P2d 1058 (1975), sets out the test for giving lesser included offense instructions:

> "The single limitation on the right of either the prosecution or the defendant to request lesser included offense instructions under these statutes [ORS 136.460 and 136.465] is that there must be evidence, or an inference which can be drawn from the evidence, which supports the requested instruction so that the jury could rationally and consistently find the defendant guilty of the lesser offense and innocent of the greater." 273 Or at 836.

ORS 164.245(1) provides:

> "A person commits the crime of criminal trespass in the second degree if he enters or remains unlawfully in or upon premises."

On appeal in this court the state concedes that the defendant's testimony provided sufficient evidence from which the jury could have concluded that the defendant committed the offense of criminal trespass in the second degree and therefore his requested instruction on the lesser included offense should have been given.

■    The state argues that the trial court's failure to instruct on the lesser included offense does not require reversal. The requirements for affirmance despite error are: "(1) that there was substantial and convincing evidence of guilt; and (2) that the error committed was very unlikely to have changed the result of the trial." *State v. Van Hooser,* 266 Or 19, 25, 511 P2d 359 (1973).

■    The testimony of the two deputy sheriffs previously recited in this opinion shows that there was substantial and convincing evidence from which the jury could and did find the defendant guilty beyond a reasonable doubt.[2]

We find that the trial court's failure to instruct on the lesser included crime of criminal trespass in the second degree was harmless error. The defendant testified on his own behalf and gave an exculpatory version of the incident. The jury did not believe him. It therefore follows that an instruction on criminal trespass in the second degree would not have changed the result.

---

[2] One of the owners of the mobile home lot also testified for the state. He said that he had not given the defendant permission to be upon the premises.

■   The defendant's second assignment of error alleging that the trial court erred in imposing a consecutive sentence is controlled by *State v. Jones,* 250 Or 59, 440 P2d 374 (1968), wherein it was held that the court has inherent power to impose consecutive sentences. *Ventura v. Cupp,* 44 Or App 296, 605 P2d 1221 (1980).

Affirmed.