Argued and submitted July 21, reversed and remanded September 28, 1983

STATE OF OREGON,
*Respondent,*

*v.*

CLARENCE ALDEN JACKSON, III,
*Appellant.*

(C82-04-34581; CA A26520)

669 P2d 826

Marilyn C. McManus, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Newman, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for robbery in the first degree. ORS 164.415. He contends that his motion for judgment of acquittal should have been granted, because there was insufficient evidence to support a conviction. He also assigns as error the refusal of the court to instruct on the lesser included offense of theft in the first degree and to give an instruction regarding the basis of his criminal responsibility. We reverse and remand.

Tracy Elliott entered a Kentucky Fried Chicken restaurant alone, and he robbed the restaurant at gun point of $250 in currency, loose coins and rolls of coins. An employe of the restaurant observed Elliott run to the back of a business a short distance away and saw a black over yellow car leaving the area behind the building where Elliott had gone. Later, a police officer investigating the robbery stopped a vehicle matching the description of the car given by the employe. Defendant was the driver and Elliott the only passenger. The officer searched defendant and found $231 in currency, loose coins, a broken roll of nickels and Elliott's wallet. When asked by the officer about the coins, defendant said they were his.

Defendant testified that he had been called by Elliott to pick him up at the location near the restaurant. He stated that he knew nothing about the robbery until Elliott got in the car after the robbery. When told about the robbery by Elliott, he testified that he responded that that "is the most stupid, dumb, absurd thing I've ever seen anybody do." He said he took the money from Elliott and was on his way to the restaurant to return it when he was stopped by the officer.

Elliott testified on behalf of defendant and corroborated defendant's testimony regarding his lack of involvement in the robbery and his intent to return the money.

In his first assignment of error defendant contends that the evidence, including that presented for the defense, was insufficient to establish guilt of robbery beyond a reasonable doubt. The evidence viewed in a light most favorable to the state is sufficient to support the jury's verdict. *State v. Krummacher,* 269 Or 125, 523 P2d 1009 (1974). Essentially, defendant contends that his exculpatory testimony and that of his witnesses is sufficient to support his motion for acquittal.

The jury was entitled to reject all or portions of defendant's evidence and base its determination on the evidence presented by the state. Whether the defendant's evidence should be accepted is a question for the jury, and the court did not err in denying defendant's motion.

In his second assignment, defendant contends that the court erred in rejecting his request to instruct the jury on the lesser included offense of theft in the first degree by receiving stolen property. ORS 164.095. He argues that the jury could find that he possessed the stolen money with the intent to permamently deprive the owner of it. The state agrees that theft in the first degree is a lesser included offense of robbery, *State v. Boucher,* 13 Or App 339, 509 P2d 1228 (1973), but contends that the jury could not rationally find defendant not guilty of robbery but guilty of theft. Because defendant denied any involvement in the robbery and testified that he intended to return the money, the state argues that the jury would have to disbelieve a portion of his testimony and accept part of it in order to find him guilty of theft.

In *State v. Naylor,* 291 Or 191, 195, 629 P2d 1308 (1981), the court said:

> "* * * A defendant is entitled to an instruction on lesser included offenses if there is a disputed issue of fact enabling the jury to find that all the elements of the greater offense have not been proven, but that all the elements of one or more of the lesser offenses have been proven." (Footnote omitted.)

*See also State v. Williams,* 270 Or 152, 526 P2d 1384 (1974).

There was a disputed issue of fact whether defendant was involved in the robbery, and the jury could have rationally found that all the elements of robbery were not proven. It was undisputed that defendant had money stolen in the robbery in his possession. The intent with which he possessed it was disputed. The jury could rationally find that he intended permanently to deprive the owner of the money. It is not necessary, as the state appears to argue, that the jury accept or reject defendant's evidence in its entirety. It is not irrational for a jury to accept only part of the evidence a defendant presents. The requirements for instructing the jury on the lesser included offense of theft in the first degree were met, and it was error to deny defendant's request.

The jury's finding of guilty of robbery may appear to be a rejection of defendant's testimony in its entirety, thereby removing any basis for concluding the error was prejudicial. In *State v. Naylor, supra,* the court rejected such an argument:

"* * * One of the apparent reasons for the grant to the jury of this power [to consider lesser included offenses] is to avoid placing the jury in the position of making an all-or-nothing choice as between guilt and innocence where there is evidence which would justify a verdict of guilty of a lesser offense. The difficulty with presenting the jury with the all-or-nothing choice is that the jury may believe a defendant to be guilty of some apparent violation of the criminal code but not of the crime charged. The jury is then confronted with the choice of finding innocent a defendant it believes has been guilty of wrongdoing or finding a defendant guilty of a crime greater than that which the jury believes he has committed. * * *" 291 Or at 198. (Footnote omitted.)

The error was not harmless and requires reversal.

■ In his final assignment defendant contends that the court erred in failing to instruct the jury as follows:

"You are hereby instructed that mere presence at or near the scene of a crime is insufficient evidence upon which to base a conviction."

Although the instruction recites a correct statement of a legal principle, it was properly rejected. The principle has most often been utilized in determining if there is sufficient evidence to submit the case to the jury. *See, e.g, State v. Allison,* 40 Or App 611, 595 P2d 1295 (1979). If the principle is adhered to and the case is submitted to the jury because there is more evidence than just defendant's presence at the scene of a crime, the instruction is inappropriate because it is not supported by the evidence. If the only evidence is that of defendant's mere presence at the scene, the case should not be submitted. We have held that there was sufficient evidence to submit the case to the jury. This holding is based on an assessment of the evidence that demonstrates that there was more than just mere presence at the scene of a crime to show defendant's criminal responsibility. In that context the requested instruction would be a comment on a portion of the evidence. It is a matter to be left to oral argument rather than to instruction.

Reversed and remanded for a new trial.