730 P.2d 262

**The STATE of Arizona, Appellee,**

v.

**Joseph Baca PACHECO, Appellant.**

**No. 2 CA–CR 4026–2.**

Court of Appeals of Arizona,
Division 2, Department A.

July 24, 1986.

Review Denied Dec. 16, 1986.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Gerald R. Grant, Phoenix, for appellee.

Minnette Burges, Tucson, for appellant.

HOWARD, Presiding Judge.

This appeal is from a resentencing order following a remand from this court. Appellant seeks a reduction of the sentence on Eighth Amendment grounds.

Appellant was originally charged by indictment with aggravated assault, a class 3 felony, and criminal damage, a class 6 felony. The charges arose from a family altercation during which appellant struck the victim and smashed the headlights, taillights and a window of the victim's vehicle with a pipe. The state also alleged that appellant had two prior felony convictions and that the instant offenses had been committed while he was on probation from his prior convictions.

Following a jury trial, appellant was acquitted of the aggravated assault charge but convicted of criminal damage. He admitted his prior convictions, and the court sentenced him to a term of 3.75 years' imprisonment.

The criminal damage conviction resulted in the revocation of appellant's probation on a prior conviction. Apparently as a result of the probation revocation, appellant was sentenced to a presumptive term of five years in prison. In the instant case, at the time of sentencing, the judge entered the following order:

> [T]he court being required to make a determination of whether the Defendant was on probation at the time of the commission of the present offense, it is the judgment of this Court that the Defendant be found to not have been on probation for the reason that to require the presently imposed sentence to be run ... consecutively to that imposed by Judge Carruth on the original charge in cause number ... CR–06354 ... imposes an unconstitutionally harsh punishment on the Defendant under the circumstances of the present case.

Appellant was then sentenced on November 6, 1984, to 3.75 years in prison, to run concurrently with any other sentence that he was serving, and appellant was given credit for 45 days served prior to sentencing in the instant case.

The state appealed the court's sentencing order and simultaneously filed a petition for special action challenging the sentence. On December 14, 1984, we granted special action relief (2 CA–SA 0173), finding that the trial court had failed to perform a duty required by law as to which he had no discretion and ordering that "the judgment of the trial court imposing a concurrent sentence is vacated, and the respondent is ordered to resentence the real party in interest, the sentence to run consecutively to the sentence imposed in Pima County Cause No. CR–06354 in accordance with A.R.S. § 13–604.01(B)." Relief having been secured through special action proceedings, the state's appeal was dismissed on its motion.

Appellant was resentenced by the trial court on June 11, 1985. At that time, the judge vacated the previous order of November 6, 1984, and sentenced appellant to 3.75 years in prison, ordering that the sentence be consecutive to the five-year sentence imposed in CR–06354. The court also ordered that the sentence date from November 6, 1984, with credit to be given for the 45 days served prior to that original sentencing date. At the resentencing hearing, the judge recognized that he had no discretion to impose anything other than a consecutive sentence, stating "it is obvious that he was on probation so I have to make the sentence in this case run after the completion of the sentence in the case on which he was on probation and which there

was a sentence imposed on that." With regard to this court's order of December 14, 1984, the judge stated: "I have no power to go against what they direct me to do."

Following the resentencing, appellant filed a notice of appeal from the judgment of guilt as well as the sentence imposed on June 11, 1985. Since no appeal was taken from the entry of judgment of guilt on November 6, 1984, we will address only those issues raised with regard to the resentencing of June 11, 1985. See Rule 31.3, Rules of Criminal Procedure, 17 A.R.S.

Appellant challenges the constitutionality of Arizona's sentencing statutes and the application of those statutes to the present case, arguing that the cumulative, mandatory consecutive sentence imposed is unconstitutional. A.R.S. § 13-701(B)(5) provides that the term of imprisonment for a class 6 felony shall be 1.5 years. Pursuant to § 13-604(C), because appellant had two prior convictions, the range of possible sentences is a minimum of 3 years, a presumptive term of 3.75 years, and a maximum of 4.5 years, with the requirement that two-thirds of the sentence be served prior to release eligibility. Appellant's sentence is further enhanced by A.R.S. § 13-604.02(B), which requires that the sentence imposed for a crime committed while on probation for another felony conviction be not less than the presumptive term. Thus, the minimum term which could be imposed in this case for the criminal damage conviction was 3.75 years. Section 13-604.02(B) also requires the sentence to be consecutive to the sentence imposed on the probation revocation and to be served in full with no eligibility for early release.

Appellant cites *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), and *State v. Perkins*, 144 Ariz. 591, 699 P.2d 364 (1985), and argues that the guidelines formulated in those cases do not support the sentence imposed in his case.

Appellant was convicted of the offense of criminal damage pursuant to A.R.S. § 13-1602. Section 13-1602(B) defines criminal damage as a class 6 felony if the damages are shown to amount to more than $100 but less than $1,500. In cases involving less than $100, criminal damage is a class 2 misdemeanor. A.R.S. § 13-1602(B)(4). At trial, the owner of the damaged vehicle testified that he had expended $150 to replace the broken glass but that he had not received estimates for or commenced any work on the damage to the body of his automobile. The amount of the damages, being more than $100, classified appellant's crime as a class 6 felony.

█ A.R.S. § 13-702(H) provides that, under certain circumstances, the court may enter judgment of conviction for a class 1 misdemeanor if a person is convicted of a class 6 felony not involving the use of a dangerous instrument. The provisions of that subsection do not apply, however, to any person "who has previously been convicted of two or more felonies." Appellant admitted two prior felony convictions; therefore, the judge imposed the minimum possible sentence and was precluded from classifying the offense as a misdemeanor.

Appellant faces the 3.75-year consecutive prison term, classification of the offense as a felony rather than a misdemeanor, and ineligibility for early release, not because the judge imposed an unduly harsh sentence, but because of his two prior felony convictions for attempted sexual assault in 1982 and third-degree escape in 1983. While criminal damage is not a particularly serious offense, the altercation between appellant and the victim did involve the use of a dangerous instrument, threats to the victim, a blow to the victim's head, and property damage. The instant offense constituted appellant's third felony conviction in less than three years. Our review of the presentence report shows a history of alcohol-related incidents and appellant's failure to comply with probation conditions requiring his attendance at alcohol counseling sessions. In view of appellant's prior record and personal background, the sentencing judge could have imposed a maximum term of 4.5 years in prison, but instead chose the minimum sentence. Appel-

lant is a classic repeat offender, and there is nothing unconstitutionally harsh in the statutory enhancement of his sentence because of his two prior felony convictions.

■ Appellant alleges that other jurisdictions would have punished him less severely for the same offense. Citing laws from California, Washington, Idaho, New Mexico, Oregon, and Utah, appellant argues that because those jurisdictions treat criminal damage or property damage of $150 as non-felony offenses, his sentence in this case is unconstitutionally harsh. As we discussed above, absent even one of his prior convictions, appellant could have been eligible for classification of the offense as a misdemeanor pursuant to A.R.S. § 13–702(H). Furthermore, the fact that Arizona draws the line between felony and misdemeanor classification for criminal damage at a lower dollar amount than do other states does not render appellant's sentence unconstitutionally harsh. The classification of offenses is a matter of legislative discretion. See *State v. Reed*, 120 Ariz. 58, 64, 583 P.2d 1378, 1384 (App.1978). See also *State v. Bly*, 127 Ariz. 370, 621 P.2d 279 (1980).

■ Appellant's brief contains a thorough discussion of the applicable factors set forth by the United States Supreme Court in *Solem v. Helm, supra,* and discussed in corresponding Arizona cases. Appellant argues that his sentence violates the Eighth Amendment because the criminal damage conviction resulted in total prison time of 8.75 years (5 years on the probation revocation and 3.75 years in the instant case). According to Solem v. Helm, a reviewing court must apply a four-part test to determine if a sentence is unconstitutionally excessive. The court must consider: 1) the gravity of the offense; 2) the harshness of the penalty; 3) the sentences imposed on other similarly situated criminal defendants in the same jurisdiction; and 4) the sentences imposed for the commission of the same crime in other jurisdictions. The guidelines in *Solem v. Helm,* when applied to the instant facts, support the sentence imposed.

As to the gravity of the offense, there is certainly evidence in the record that appellant was willing to resort to violence. Furthermore, the potential for serious harm was present. Although the jury found appellant not guilty of aggravated assault, the testimony of the victim established that appellant struck the victim with a pipe and used that same pipe to break the headlights, taillights and a window of the victim's vehicle and to cause damage to the body of the vehicle. Appellant's commission of the offense while on probation increases the severity of the offense. Furthermore, our supreme court has held that the lack of substantial injury does not always reflect the danger a defendant poses to society, see *State v. Noriega*, 142 Ariz. 474, 690 P.2d 775 (1984), and has approved the imposition of enhanced punishment under repeat offender statutes despite the absence of serious injury. See *State v. Allie*, 147 Ariz. 320, 710 P.2d 430 (1985); *State v. Goswick*, 142 Ariz. 582, 691 P.2d 673 (1984); *State v. Garcia*, 141 Ariz. 97, 685 P.2d 734 (1984). We believe the crime was sufficiently grave to warrant enhanced punishment by imposition of a sentence consecutive to that imposed upon revocation of probation in a prior conviction.

■ Nor do we think that the sentence imposed upon appellant is too harsh. Repeat offenders have typically received more severe sentences than first offenders. *State v. McNair*, 141 Ariz. 475, 484, 687 P.2d 1230, 1239 (1984). In light of the fact that the offense was committed while appellant was on probation, a consecutive sentence is not unduly harsh. As our supreme court has previously stated, "the legislature has determined the appropriate punishment for the defendant's crime. We need not determine whether the sentence is fair in our view or whether we would impose the same sentence. We must determine only whether it violates the Eighth Amendment as being excessively harsh." *State v. Garcia, supra,* 141 Ariz. at 100, 685 P.2d at 737 (1984). Accord, *Solem v. Helm, supra,* 463 U.S. at 290, n. 16, 103 S.Ct. at 3009, n. 16, 77 L.Ed.2d at 649, n.

16. Appellant seeks to distinguish the circumstances present in *State v. Perkins, supra,* arguing that he poses no danger to society and that mitigating factors are very much present in appellant's case. Appellant had previously been convicted of two felonies, attempted sexual assault and third-degree escape. Both were alcohol-related offenses. The pre-sentence report in the instant case concluded that:

> The defendant has changed some attitudes and behaviors. However, he continues to deny his alcohol problem. Although referred to alcohol treatment, he has never made a commitment to either participate or complete the programs. The defendant is proud of the fact that he has not been arrested for an alcohol-related offense since being placed on probation. In short, the defendant appears to be sincere about his current growth patterns. ... In aggravation, the defendant was on probation at the time of the instant offense, and failed to comply to Court-ordered alcohol counseling. In mitigation, the Court might wish to consider the age of the defendant and his borderline range of functioning.

While appellant claims that neither the circumstances of the offense nor his personal background justify the sentence imposed, the record shows that appellant is a repeat offender and that he received the benefit of the present mitigating circumstances when the trial judge imposed the minimum sentence. The court could have imposed a maximum term of 4.5 years for the criminal damage conviction. Appellant's history of alcohol-related offenses and recidivism do not present him as a good candidate for rehabilitation. In light of the circumstances, we find that appellant's sentence is not unconstitutionally harsh.

Appellant's sentence is proportional to sentences imposed for similar crimes in this jurisdiction. Under the Arizona statutory sentencing scheme, any defendant who is convicted of a crime committed while on probation for another felony conviction will receive a sentence that runs consecutively to the punishment imposed on probation revocation. In fact, appellant could have received a comparable term of imprisonment without applying the mandate of A.R.S. § 13–604.02(B). The sentencing judge could have imposed a maximum term of 4.5 years and, in the court's discretion, could have ordered that sentence to run consecutively to the sentence imposed at the time of probation revocation on appellant's prior conviction. As the United States Supreme Court noted in *Solem v. Helm,* "[r]eviewing courts ... should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes ...," and "a State is justified in punishing a recidivist more severely than it punishes a first offender." 463 U.S. at 290, 296, 103 S.Ct. at 3009, 3013, 77 L.Ed.2d at 649, 653. In view of Arizona's statutory sentencing scheme, we believe that appellant's sentence is not disproportionate when compared with other sentences for other and similar crimes in this jurisdiction.

In a two-tiered approach, appellant claims that his sentence is disproportional with sentences imposed for the same or similar crimes in other jurisdictions. First, appellant points out that other states draw the line between felony and misdemeanor classification at a higher amount of damages. Second, appellant argues that because other jurisdictions would treat the instant offense as a misdemeanor, the consecutive sentencing requirements of those jurisdictions would not apply where appellant had been convicted of criminal damage as a misdemeanor rather than a felony. We do not believe that the classification of the offense by the dollar amount of damages results in disproportionality. As we have discussed, the offense committed by appellant in this case could have been classified as a class 1 misdemeanor had appellant not been previously convicted of two other felonies.

We are reluctant to find that appellant's sentence is excessive. We believe that repeat offenders in other states fare similarly. *State v. Ashley,* 236 Kan. 551, 693 P.2d 1168 (1985) (sentences of three to ten years

for burglary and theft committed while defendant on probation for giving a worthless check and theft reversed with instruction to trial court to impose sentence consecutive to that imposed for probation offense); *Adams v. Warden, Nevada State Prison,* 97 Nev. 171, 626 P.2d 259 (1981) (upheld five-year sentence for attempted burglary committed while defendant on probation from attempted grand larceny where burglary sentence ordered to be consecutive); *Bookman v. State,* 661 P.2d 909 (Okl.Cr. 1983) (upheld two 20–year consecutive prison terms for two convictions of knowingly concealing and withholding stolen property committed by defendant with two prior felony convictions); *State v. Naylor,* 49 Or. App. 57, 618 P.2d 1311 (1980), reversed on other grounds, 291 Or. 191, 629 P.2d 1308 (1981) (upheld six-year sentence for burglary ordered consecutive to any sentences being served by defendant at the time.)

In the present case, appellant's sentence was enhanced as a result of his conviction for an offense committed while on probation, and by his two prior felony convictions. Appellant's sentence is not disproportionate to sentences for the same or similar crimes committed under similar circumstances in other jurisdictions. We hold that the sentence imposed upon appellant does not constitute cruel, unusual, or unduly harsh punishment under the Eighth Amendment.

■ We note that appellant was resentenced on June 11, 1985, but the court ordered that the sentence date from November 6, 1984, with credit for 45 days served prior to the original sentencing. Since the court is not permitted to antedate a sentence or to give it effect before it is pronounced, the sentence order is hereby modified to state that appellant's sentence shall date from June 11, 1985, with credit to be given for 262 days served prior to resentencing. See *State v. Pena,* 140 Ariz. 545, 548, 683 P.2d 744, 747 (App.1983), approved, 140 Ariz. 544, 683 P.2d 743 (1984).

The judgment of the superior court is affirmed as modified.

HATHAWAY, C.J., and FERNANDEZ, J., concur.