No. 5 January 30, 2014 711

IN THE SUPREME COURT OF THE
STATE OF OREGON

STATE OF OREGON,
*Petitioner on Review,*

*v.*

DANIEL STEVEN ZOLOTOFF,
*Respondent on Review.*

(CC 09C42126; CA A145303; SC S061003)

En Banc

On review from the Court of Appeals.*

Argued and submitted September 19, 2013.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for petitioner on review. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Daniel C. Bennett, Deputy Public Defender, Salem, argued the cause and filed the brief for respondent on review. With him on the brief was Peter Gartlan, Chief Defender.

WALTERS, J.

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

_____
* Appeal from Marion County Circuit Court, Darryl L. Larson, Judge. 253 Or App 593, 291 P3d 781 (2012).

WALTERS, J.

In this case, the jury unanimously found defendant guilty of the charged offense of possession of a weapon by an inmate, ORS 166.275.[1] On appeal, the state conceded that the trial court had erred when it denied defendant's request that it instruct the jury on the lesser-included offense of attempted possession of a weapon by an inmate, ORS 136.465.[2] The Court of Appeals agreed, rejected the state's argument that that error was harmless, and reversed. *State v. Zolotoff*, 253 Or App 593, 291 P3d 781 (2012). We affirm the decision of the Court of Appeals.

The uncontested facts establish that defendant was an inmate when deputies found a broken plastic spoon in his cell. The state acknowledges that a jury could have found from the evidence presented either that the spoon was a weapon at the time that the deputies found it or that defendant was in the process of making the spoon into a weapon and had not succeeded in that effort, so that the spoon was not yet a weapon. Consequently, the state acknowledges that, on this record, the jury could have convicted defendant either of the charged offense of possession of a weapon or of the lesser-included offense of attempted possession of a weapon. The state also concedes that the trial court erred in declining defendant's request for an instruction on the latter offense. The state contends, however, that the error was harmless. Whether the error requires reversal is the sole issue before this court.

In rejecting the state's harmless error argument, the Court of Appeals relied on this court's decision in *State v. Naylor*, 291 Or 191, 629 P2d 1308 (1981). In that case, the defendant was charged with first-degree burglary, and

---

[1] ORS 166.275 provides, in part:

"Any person committed to any institution who, while under the jurisdiction of any institution *** possesses or carries upon the person, or has under the custody or control of the person any dangerous instrument, or any weapon including *** dirk, dagger, [or] sharp instrument *** without lawful authority, is guilty of a felony ***."

[2] ORS 136.465 provides:

"In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which the defendant is charged in the accusatory instrument or of an attempt to commit such crime."

the trial court denied the defendant's request for an instruction on the lesser-included offense of second-degree criminal trespass. The jury found the defendant guilty of the charged offense, and, on appeal, the Court of Appeals held that the trial court had erred in not instructing on the lesser-included offense. The Court of Appeals also decided, however, that the error was harmless because, in its view, the verdict demonstrated that the jurors did not believe the defendant's exculpatory version of the event. *State v. Naylor*, 49 Or App 57, 61, 618 P2d 1311 (1980).

This court reversed. 291 Or at 199. In doing so, this court explained, first, that Oregon law requires that the trial court, on request, instruct the jury on relevant lesser-included offenses. *Id*. at 195 (citing ORS 136.465 and *State v. Washington*, 273 Or 829, 543 P2d 1058 (1975)). The trial court should give a lesser-included offense instruction, the court explained, "if there is a disputed issue of fact enabling the jury to find that all the elements of the greater offense have not been proven, but that all the elements of one or more of the lesser offenses have been proven." *Id*. at 195. Because, in *Naylor*, those conditions had been met, the court concluded that the trial court had erred by not giving the requested instruction. *Id*. at 196. The court then turned to the state's argument that the error was harmless under Article VII (Amended), section 3, of the Oregon Constitution.

On that issue, the court in *Naylor* reasoned that the trial court's failure to give the instruction "resulted in the case being submitted to the jury without the complete statement of the law necessary for the jury to properly exercise its function in the trial of [the] defendant." 291 Or at 197-98. The court reversed because it was "unable to say what the verdict would have been had the theory of the defense been properly presented to the jury." *Id*. at 198. In reaching that conclusion, the court noted that ORS 136.465 "represents a legislative choice that both the state and the defendant shall have a right to have a jury, in appropriate circumstances, consider whether the defendant is guilty of an offense less than that with which the defendant has been charged." *Id*.

In the *Naylor* court's view, one of the apparent reasons for that statutory policy was to "avoid placing the jury

in the position of making an all-or-nothing choice as between guilt and innocence where there is evidence which would justify a verdict of guilty of a lesser offense." *Id*. The jury, the court observed, may believe a defendant to be guilty of "some apparent violation of the criminal code but not of the crime charged" and then be "confronted with the choice of finding innocent a defendant it believes has been guilty of wrongdoing or finding a defendant guilty of a crime greater than that which the jury believes he has committed." *Id*. at 198-99. The result, the court noted, could "in one case redound to the benefit of the defendant, and, in another, to the benefit of the prosecution, assuming that an unjustified conviction can ever be found to be to the benefit of the people." *Id*. at 199 (internal quotation marks omitted).

The state argues that the court's reasoning in *Naylor* no longer is persuasive, because the legislature has since enacted ORS 136.460(2). That statute provides:

> "The jury shall *first consider* the charged offense. *Only if the jury finds the defendant not guilty of the charged offense may the jury consider a lesser included offense*. If there is more than one lesser included offense, the jury shall consider the lesser included offenses in order of seriousness. The jury may consider a less serious lesser included offense only after finding the defendant not guilty of any more serious lesser included offenses."

(Emphases added.) The state argues that, had the trial court given the lesser-included offense instruction that defendant requested, it also would have given an instruction in accordance with ORS 136.460(2). In following that instruction, the jury first would have considered the charged offense, would have found defendant guilty of that offense, and, having done so, would have ceased its deliberations. The state asserts that this court can be assured that the jury would have found defendant guilty of the charged offense because its guilty verdict demonstrates that it did find, beyond a reasonable doubt, that the state had established the elements of that crime. Thus, according to the state, even if the jury had been instructed on the elements of the lesser crime of attempted possession of a weapon by an inmate, it would have been required to decide the charged crime first and would have reached the same conclusion that it actually

reached in this case. Therefore, the argument goes, the trial court's failure to give the lesser-included offense instruction did not prejudice defendant. Accordingly, this court must affirm, because, unlike in *Naylor*, in this case the court can "determine what judgment should have been entered in the court below." Or Const, Art VII (Amended), § 3; *see also* ORS 138.230 (court shall give judgment without regard to errors that do not affect substantial rights of parties).

In making that argument, the state does not ask us to overrule or otherwise disavow *Naylor*. It asks only that we consider the result in *Naylor* in context and conclude that *Naylor*'s reasoning no longer is applicable. The state explains that, when this court decided *Naylor*, no statute required an "acquittal first" instruction, and the Court of Appeals had held that a trial court had committed reversible error by giving such an instruction. *State v. Ogden*, 35 Or App 91, 95-96, 580 P2d 1049 (1978). This court later reached the same conclusion, observing that an "acquittal first" instruction "exacerbates the risk of coerced decisions." *State v. Allen*, 301 Or 35, 40, 717 P2d 1178 (1986). Thus, the state explains, in the period before the enactment of ORS 136.460(2), the concern that the court expressed in *Naylor*—confronting the jurors with an all-or-nothing choice that could have a coercive effect on their decision making—was an appropriate consideration. However, the state argues, when the legislature enacted ORS 136.460(2), it sanctioned the procedure that the court had disapproved, making the reasoning in *Naylor* less apt.

The state is correct that the legislature now requires that jurors follow a procedure—acquittal of the charged offense before consideration of a lesser-included offense—that *Ogden* and *Allen* prohibited because of its perceived coercive effect on jury deliberations. Because the result in *Naylor* rested, at least in part, on a similar concern, we agree that ORS 136.460(2) supplants that aspect of the court's reasoning. The "acquittal first" procedure under ORS 136.460(2) mandates that jurors decide whether a defendant is guilty of the charged offense before they consider a lesser-included offense, and jurors must follow that order of deliberation, even if it is, to some extent or in some sense, coercive.

We turn, therefore, to a second ground for this court's decision in *Naylor* and the extent to which ORS 136.460(2) affects that aspect of the court's reasoning.[3] In *Naylor*, the court began by recognizing that, in appropriate circumstances, a party is entitled by statute to an instruction that the jury may find a defendant guilty of certain uncharged lesser-included offenses and a statement of the elements of those offenses. In enacting ORS 136.460(2), the legislature did not repeal or limit the statutory requirement that a trial court give a lesser-included offense instruction on request in appropriate circumstances, nor does the text or context of ORS 136.460(2) suggest that the legislature no longer considers such an instruction necessary if requested and supported by the evidence. ORS 136.460(2) controls the order of jury deliberations, but it does not preclude a trial court from instructing the jury on the elements of relevant lesser-included offenses before jury deliberations begin. In fact, ORS 136.460(2) seems to assume that, when the court instructs the jury on the order of its deliberations, it also will instruct it on the elements of the offenses that the jury may, sequentially, consider. The legislative mandate that the jury consider the applicable offenses in a particular order does not affect or eliminate the underlying legislative directive that, on request, the jury also be instructed on the elements of relevant lesser-included offenses.

The legislative history of ORS 136.460 supports that conclusion. ORS 136.460 was part of Senate Bill (SB) 613 (1997). Or Laws 1997, ch 511, § 1. Three prosecutors spoke in favor of the bill. One testified that the proposal was inspired by a concern that jurors were not aware that mistrials resulting from hung juries could be retried and were therefore unduly pressured into compromising on lesser-included offenses. Testimony, Senate Committee on Crime and Corrections, SB 613, Mar 31, 1997, Tape 50, Side A (statement of Multnomah County Deputy District Attorney John Bradley). Another testified that the purpose

---

[3] Because we conclude that the second ground for the court's decision in *Naylor* has continuing viability, we do not consider it necessary to discuss a third ground for the court's decision in *Naylor*—that, if error in instructing a jury on a lesser-included offense is viewed as harmless, then a defendant's right to such an instruction "could be violated with impunity by every trial court." 291 Or at 198. Trial courts endeavor to follow the law, and we expect that they will do so.

of the legislation was to change the "order of deliberations" and that the proposed statute would inform juries that they must acquit of the more serious charge before they could move on to lesser charges. Testimony, House Committee on Judiciary, Subcommittee on Criminal Law, SB 613, May 27, 1997, Tape 128, Side A (statement of Multnomah County Deputy District Attorney Chuck French). The third testified that the bill would alleviate a concern that jurors might think that they had to reach a verdict or the defendant would be set free, and therefore jurors might be excessively willing to compromise. Testimony, House Committee on Judiciary, Subcommittee on Criminal Law, SB 613, May 27, 1997, Tape 128, Side A (statement of Marion County District Attorney Dale Penn). No witness or legislator took the position that the bill precluded jurors from learning of or thinking about the differences in the applicable charges and weighing those differences before they "considered" the charges in the order required.

What we take from our review of the text, context, and legislative history of ORS 136.460(2) is that that statute prescribes the order of jury deliberations but does not preclude a trial court from informing jurors on the elements of relevant lesser-included offenses in advance of their deliberations on the greater charged offense. By the same token, ORS 136.460(2) does not preclude the jury from contemplating the law as it applies to lesser-included offenses when deliberating about the charged offense.

With the enactment of ORS 136.460(2), an appellate court appropriately may reason that, had the jury received an instruction on a lesser-included offense, it also would have received an instruction under ORS 136.460(2). Further, an appellate court also may reason that the jury would have followed that instruction and made a finding on the charged offense before considering the lesser-included offense. *See State v. Bowen*, 340 Or 487, 517, 135 P3d 272 (2006), *cert den*, 549 US 1214 (2007) (court assumes jurors followed instruction absent overwhelming probability that they were unable to do so). As a result, there may be many instances in which an appellate court will be able to conclude from the evidence, the arguments, and the instructions that the jury would have reached the same verdict on the charged offense

even if it also had received instruction on the lesser-included offense. In other words, in many instances, a trial court's failure to give a lesser-included instruction, although error, may be harmless error.

*Bowen*, a case cited by the state, provides but one example. In *Bowen*, the defendant was charged with both aggravated murder and intentional murder, and the trial court declined the defendant's request for an instruction that manslaughter was a lesser-included offense of aggravated murder, but gave an instruction that manslaughter was a lesser-included offense of intentional murder. The court also instructed the jury on the elements of all three offenses. This court held that the trial court had erred, but that its error was harmless. The court explained that "the case was submitted to the jury with complete and correct statements of the law necessary for it to properly determine whether the state had proved [the] defendant's guilt on the crimes charged beyond a reasonable doubt." *Id*.

On the other hand, an error in failing to instruct on a lesser-included offense will not always be harmless. There may be circumstances in which the elements of the charged crime are clearer when they are viewed in contrast with the elements of a lesser-included offense. So, for instance, an instruction on the elements of a lesser-included offense may disclose a legal distinction that is not otherwise patent and that would be particularly helpful to the jury in deciding whether the defendant is in fact guilty of the charged offense. In determining whether an error in failing to instruct on a lesser-included offense is harmless, the question for an appellate court is whether the court can conclude from the evidence, arguments, and instructions in the particular case that the jury would have reached the same conclusion had it been correctly instructed.

In this case, the state contends, we should reach precisely that conclusion. The state argues that the elements of the charged offense were easily understood and the jury was able to determine whether the spoon was a weapon from the instructions that it received without further instruction on the offense of attempted possession of a weapon. Given the particular evidence and the charges involved in this

case, however, we disagree. The trial court instructed the jury that a weapon "includes, but is not limited to, a sharp instrument; it can be any instrument or device that can be used offensively or defensively to gain an advantage." Had the trial court further instructed the jury on attempted possession of a weapon, it would have informed the jury that an attempt occurs when a defendant "intentionally engages in conduct that constitutes a substantial step toward the commission of that crime." ORS 161.405; *see also* UCrJI 1040 (using substantially similar phrasing to define attempt). That erroneously omitted instruction would have told the jurors that there was a legal distinction between taking a substantial step toward making the spoon into a weapon and completing the task. In other words, the definition of the term "weapon" told the jury what a weapon is, but it did not tell the jury that the spoon was not a weapon if it was an object that defendant was still in the process of making into a weapon. In this case, an instruction on the elements of the lesser-included offense of attempted possession of a weapon by an inmate would have been particularly helpful because, as the state concedes, there was evidence from which the jury could have found that the spoon was not a weapon and therefore that defendant did not actually possess a weapon; he only attempted to make the spoon into a weapon and possess it.

The legislature has made a policy decision that both the state and a defendant are entitled, on request and when the evidence supports it, to an instruction on relevant lesser-included offenses. ORS 136.465. In this case, those conditions were met, and the trial court erred, as the state concedes, in not giving such an instruction. On this record and given these charges, we cannot conclude that the trial court's failure to give defendant's requested instruction did not affect the result. *See State v. Davis*, 336 Or 19, 35, 77 P3d 1111 (2003) (stating standard). We therefore affirm the decision of the Court of Appeals.

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.