Submitted on record and briefs December 2, 1981,
affirmed February 8, reconsideration denied June 2,
petition for review denied June 22, 1982 (293 Or 340)

# STATE OF OREGON,
*Respondent,*

*v.*

# HAROLD LOYD NEIGHBORS,
*Appellant.*

## (No. 80-13605-K, CA A21786)

640 P2d 643

Harold L. Neighbors, Grants Pass, filed the brief pro se for appellant.

Dave Frohnmayer, Attorney General, William F. Gary, Solicitor General, and William F. Nessly, Jr., Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for driving while under the influence of intoxicants. ORS 487.540. He contends that the prosecution is barred on the ground of former jeopardy and that he was denied effective assistance of counsel. We affirm.

Defendant was arrested and transported to the county jail, where he was asked to take an "intoxilyzer" test. He refused to take the test, and his operator's license was suspended for 120 days by the Motor Vehicles Division pursuant to ORS 482.540. He did not appeal that suspension and does not challenge its validity here. Subsequent to the suspension, defendant was tried and convicted on the present charge.

■ ■ Defendant contends: "The District Court lacked jurisdiction to hear this matter because [defendant] had already paid the penalty prescribed by law of having his driver's license suspended for 120 days, and standing trial put him twice in jeopardy for the same crime." Jurisdictional defects may be raised at any time, but the former jeopardy bar is a personal right, not a jurisdictional matter. *See Barnett v. Gladden,* 237 Or 76, 390 P2d 614, *cert den* 379 US 947 (1964). Therefore, an objection based on former jeopardy must be raised at trial or it is waived. *State of Oregon v. Monk,* 199 Or 165, 260 P2d 474 (1953); ORS 135.470, 135.520.

■ ■ Defendant may be raising this issue for the first time on appeal. His brief, submitted *pro se,* does not set out verbatim the pertinent portions of the record as required by our Rule of Appellate Procedure 25.10. The state's brief asserts that no former jeopardy objection was raised at trial. Regardless of the timing of the objection, it has no merit. A driver's license suspension under ORS 482.540 is a civil or administrative matter, not a criminal matter. *Burbage v. Dept. of Motor Vehicles,* 252 Or 486, 491, 450 P2d 775 (1969); *Stratikos v. Dept.of Motor Vehicles,* 4 Or App 313, 315, 477 P2d 237 (1970), 478 P2d 654, *rev den* (1971); *see State v. Robinson,* 235 Or 524, 532, 385 P2d 754 (1963). The doctrine of former jeopardy applies only to criminal prosecutions. *E.g., Klein v. Real Est. Comm. Holbrook,* 19 Or App 646, 651-52, 528 P2d 1355 (1974).

■ Defendant also contends that he was denied effective assistance of counsel. This issue more properly can be resolved in a post-conviction proceeding, where defendant's challenge may be heard at an evidentiary hearing under ORS 138.510 to 138.680. *State v. Chase,* 51 Or App 289, 624 P2d 1100 (1981); *State v. Robinson,* 25 Or App 675, 550 P2d 758 (1976).

Affirmed.