Argued and submitted November 21, 1986, affirmed January 28, 1987

## STATE OF OREGON,
*Respondent,*

*v.*

## RICHARD CALVIN MUNSON,
*Appellant.*

(85-15-33; CA A39883)

731 P2d 1069

J. Michael Alexander and Burt, Swanson, Lathen, Alexander & McCann, Salem, filed the brief for appellant.

David Schuman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals the consecutive sentences imposed on him following his convictions on three counts of Assault in the Second Degree and one count of Assault in the Third Degree, all arising out of a traffic accident. He contends that consecutive sentences are not permitted under ORS 137.122(4)(b). We affirm.

Defendant was involved in an accident while he was driving under the influence of intoxicants. He collided with another car, injuring its four occupants. He was charged with one count of driving under the influence of intoxicants (DUII), in addition to four counts of assault. The DUII charge was dismissed, and defendant pled guilty to the assault charges. He was sentenced to terms of 10 years, 8 years and 6 years on the Assault in the Second Degree charges and 5 years on the Assault in the Third Degree charge, to be served consecutively.

ORS 137.122(4) provides, in relevant part:

"(4) The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

"* * * * *

"(b) The criminal offense for which a consecutive sentence is contemplated caused * * * injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during the continuous and uninterrupted course of conduct."

That statute clearly encompasses the multiple victim situation presented by this case. Its plain meaning is to permit as many separate punishments as there are victims. The statute is clear on its face; therefore, there is no need to look to its legislative history. See Satterfield v. Satterfield, 292 Or 780, 782, 643 P2d 336 (1982). The trial court did not err.

Defendant also contends that the consecutive sentences violate the state and federal constitutional prohibitions against double jeopardy. Or Const Art I, § 12; US Const Amend V. He did not raise those issues below, and we are not required to consider them on appeal. See State v. Linthwaite, 295 Or 162, 175, 665 P2d 863 (1983); State v. Neighbors, 55 Or

App 882, 884, 640 P2d 643, *rev den* 293 Or 340 (1982). Nevertheless, because the issues are of a constitutional nature, we have considered their merits. We conclude that the statute does not violate the double jeopardy prohibitions of either the Oregon or the federal constitutions.

■ Defendant argues that the state constitution requires that we apply the "same transaction" test in determining the double jeopardy issue and that, because all four charges arose out of the same transaction, he cannot be given consecutive sentences. He relies on *State v. Brown,* 262 Or 442, 457-58, 497 P2d 1191 (1972). However, *Brown* expressly excluded multiple sentences from its scope. Further, in *State v. Welch,* 264 Or 388, 505 P2d 910 (1973), the Supreme Court quoted with approval from Fisher, "Double Jeopardy: Six Common Boners Summarized," 15 UCLA L Rev 81, 86 (1967):

> " 'Double jeopardy does not occur unless a man is tried twice; it takes two trials to raise the issue. This is not as obvious as it sounds. Defendants being tried for the first time continually insist that the prosecutor, by joining several overlapping offenses in separate counts in one indictment, is violating the prohibition against double jeopardy. They are even more insistent that they are subjected to double jeopardy when they have been convicted on more than one count and receive cumulative penalties aggregating more than the most severe sentence on one count.
>
> " 'A defendant may be right in his conclusion that such a cumulation of penalties is improper, but he is mistaken in thinking that it is double jeopardy. The true reason why he is right is that double punishment is not permissible under applicable statutes, *i.e.,* the legislature did not intend him to be sentenced on more than one count * * *.' " 264 Or at 391 (Citations omitted.)

The Fifth Amendment also does not require the "same transaction" test for determining double jeopardy violations. *See Brown v. Ohio,* 432 US 161, 97 S Ct 2221, 53 L Ed 2d 187 (1977). Thus, under both Oregon and federal law, the issue is whether the trial court exceeded its statutory authority in imposing consecutive sentences. In this case the court did not.

Affirmed.