Argued and submitted January 30, affirmed March 8, 2006

STATE OF OREGON,
*Respondent,*

*v.*

KAREN SUE McCLENDON,
*Appellant.*

01CR1912FE; A121761

131 P3d 765

Andrew S. Chilton argued the cause for appellant. With him on the brief was Chilton, Ebbett & Rohr, LLC.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Defendant appeals a judgment of conviction for possession and manufacture of a controlled substance and delivery of a controlled substance for consideration. *Former* ORS 475.992 (2003), *renumbered as* ORS 475.840 (2005). Her sole contention on appeal is that the trial court erred in failing to grant a motion for judgment of acquittal as to the latter two charges on double jeopardy grounds. We affirm.

The relevant facts are not in dispute. In April 2002, defendant was charged with possession, manufacture, and delivery of a controlled substance and with delivery of a controlled substance for consideration. The jury returned a verdict of guilty on the possession of a controlled substance charge. On the other charges, the jury voted seven to five. The trial court received the jury's decision and dismissed the jury. Neither party moved for a mistrial, and neither party objected to the discharge of the jury.

In April 2003, the state retried defendant on the charges of possession of a controlled substance and delivery of a controlled substance for consideration. At the commencement of trial, defendant advised the court that she would be submitting to the court a memorandum on a variety of issues, including "issue preclusion" and the exclusion of certain evidence of subcategory factors as to the manufacture and delivery for consideration charges. The court then stated that trial would proceed on the two charges, at which point defendant said, "Well, actually, I'm disputing [that] for the reasons that I'm going to bring in my motion for judgment of acquittal * * *."

Trial then commenced, the jury was sworn, and evidence was presented. At some point during the trial, defendant submitted a "Memorandum of Law in Support of Judgment of Acquittal." No written motion was filed. The memorandum raised, for the first time, the question whether the trial court lacked the authority to try defendant on the manufacture and delivery for consideration charges. Defendant argued that, because the trial court in the first trial had failed to make a finding that the jury was unable to render a

verdict, jeopardy attached, and the retrial on the two current charges was barred.

At the close of the evidence, defendant moved for a judgment of acquittal based on the insufficiency of the evidence. At the end of her argument, defendant added that she wished to "amend" her motion to ask for dismissal of the charges on double jeopardy grounds. The trial court denied the motion.

On appeal, defendant argues that the trial court erred in denying the motion for a judgment of acquittal on double jeopardy grounds. She again argues that, because the trial court dismissed the jury in the first trial without finding that it was unable to reach a verdict, jeopardy attached and precluded the second trial. The state responds that, among other things, defendant untimely raised her double jeopardy contention. According to the state, under ORS 135.470, a defendant must raise double jeopardy by way of a motion to dismiss before trial.

ORS 135.470 provides:

"(1)  The court shall dismiss the accusatory instrument if, upon motion of the defendant, it appears, as a matter of law, that a former prosecution bars the prosecution for the offense charged.

"(2)  The time of making the motion and its effect shall be as provided for a motion to set aside the indictment in ORS 135.520 * * *.

"(3)  An order to dismiss the accusatory instrument on grounds of former jeopardy is a bar to a future prosecution of the defendant for the offense charged in the accusatory instrument."

ORS 135.520, in turn, provides that a motion to set aside the indictment or accusatory instrument must be made "at the time of arraignment or within 10 days thereafter, unless for good cause the court allows additional time."

In this case, defendant did not move to dismiss at the time of arraignment or within 10 days thereafter. Nor did she ask the court for additional time within which to file a motion to dismiss, much less establish good cause for the additional

time. Defendant raised the issue, at the earliest, *during* the second trial. Even then, there was no actual motion to dismiss. *Cf. State v. Toste*, 196 Or App 11, 17, 100 P3d 738 (2004), *rev den*, 338 Or 57 (2005) (an "unadorned citation * * * tucked into [a] written submission" is not sufficient to preserve an issue for appeal). Defendant first offered an actual motion on jeopardy grounds only *after* the close of all the evidence, in a motion for judgment of acquittal.

Plainly, defendant's double jeopardy challenge was untimely. Defendant argues that, at least in some circumstances, the facts giving rise to a double jeopardy motion may not become apparent until well into the second trial itself, in which case it should be permissible to raise the issue by way of a motion for judgment of acquittal. Defendant concedes, however, that such is not the case here, where all the facts pertinent to the double jeopardy issue were well known before the second trial commenced. We conclude that the trial court did not err in denying defendant's motion for a judgment of acquittal on double jeopardy grounds.

Affirmed.