242 P.3d 666 (2010)
238 Or. App. 277
STATE of Oregon, Plaintiff-Respondent,
v.
Matthew Blake BERRY, Defendant-Appellant.
200815811; A140267.
Court of Appeals of Oregon.
Argued and Submitted August 25, 2010.
Decided October 27, 2010.
*667 Bear Wilner-Nugent, Portland, argued the cause and filed the briefs for appellant.
Harry B. Wilson, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.
Before SCHUMAN, Presiding Judge, and WOLLHEIM, Judge, and ROSENBLUM, Judge.
ROSENBLUM, J.
Defendant was charged with one count of second-degree rape, ORS 163.365, and five counts of first-degree sexual abuse, ORS 163.427, after engaging in sexual acts with someone he met online. The charges were based on the age of the victim; the state alleged that she was 13 at the time of the acts, and it offered the victim's birth certificate and testimony of her mother to prove that allegation. Defendant, meanwhile, contended that she was oldereither 15, as she posted on her MySpace page, or 17, as she represented to defendant in an e-mail.
The charged offenses, second-degree rape and first-degree sexual abuse, criminalize sexual acts with victims who are under 14 years of age. Based on the victim's representations that she was 15 or 17, defendant requested that the jury also be instructed as to the lesser-included offenses of third-degree rape and third-degree sexual abuse offenses that involve victims who are under 18, as opposed to 14. ORS 136.365; ORS 163.415. The trial court refused to instruct the jury on those lesser offenses, and defendant was convicted of one count of second-degree rape and two counts of first-degree sexual abuse. The jury acquitted defendant on the remaining counts.
On appeal, defendant contends that the trial court erred in failing to instruct the jury on the lesser-included offenses because the evidence that the victim was either 15 or 17although contradicted by other evidencesupported the instructions. See ORS 136.465 ("In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which the defendant is charged in the accusatory instrument or of an attempt to commit such crime."). The state now concedes that evidence in the record regarding the victim's age would have supported a conviction on the lesser-included offenses of third-degree rape and third-degree sexual abuse, and that the trial court erred in refusing to instruct the jury on those offenses.
Defendant offered into evidence an email in which the victim represented to defendant that she was 17, and the state offered no objection to the use of that e-mail as substantive evidence. Hence, the jury was free to consider the e-mail as substantive evidence of the victim's age, and to give it whatever weight it wished. See State v. DeBolt, 176 Or.App. 159, 163, 30 P.3d 1207 *668 (2001) ("In the absence of an objection, the jury was not limited as to how it could consider the evidence [of a prior inconsistent statement.]"). The record also contains evidence that the victim's MySpace page contained a representation that she was 15. Given the record, we agree with the state's concession of error and accept it. State v. Naylor, 291 Or. 191, 195, 629 P.2d 1308 (1981) ("A defendant is entitled to an instruction on lesser included offenses if there is a disputed issue of fact enabling the jury to find that all the elements of the greater offense have not been proven, but that all the elements of one or more of the lesser offenses have been proven."); State v. Boyce, 120 Or.App. 299, 302, 852 P.2d 276 (1993) (when reviewing a trial court's refusal to instruct the jury on lesser-included offenses, "[w]e review the evidence in the light most favorable to the establishment of facts that would require those instructions").
Nonetheless, the state argues that we should affirm defendant's convictions because there is little likelihood that the failure to give the lesser-included instructions affected the verdict. See State v. Davis, 336 Or. 19, 32, 77 P.3d 1111 (2003) ("Oregon's constitutional test for affirmance despite error [under Article VII (Amended), section 3] consists of a single inquiry: Is there little likelihood that the particular error affected the verdict?"). According to the state, the evidence that the victim was 13 at the time of the offenses was "overwhelming." In addition to the victim's birth certificate and testimony from the victim's mother, the state points out that the victim admitted at trial that she had lied about her age on MySpace and in her e-mail to defendant.
Contrary to the state's argument, this is not a case in which we can simply affirm based on the strength of the state's evidence. Our inquiry, for purposes of determining whether an error affected the verdict, does not permit us to weigh evidence and resolve factual disputes regarding a defendant's guilt. The court made that explicit in Davis:
"[W]e do not determine, as a factfinder, whether the defendant is guilty. That inquiry would invite this court to engage improperly in weighing the evidence and, essentially, retrying the case, while disregarding the error committed at trial, to determine whether the defendant is guilty. Rather, when we review the record, we do so in light of the error at issue. We ask whether there was little likelihood that the error affected the jury's verdict. We recognize that, if the particular issue to which the error pertains has no relationship to the jury's determination of its verdict, then there is little likelihood that the error affected the verdict. However, that is not a finding about how the court views the weight of the evidence of the defendant's guilt. It is a legal conclusion about the likely effect of the error on the verdict."
336 Or. at 32, 77 P.3d 1111 (emphasis added).
It is true that, for certain types of errorsevidentiary error, for instancewe will consider whether the state presented overwhelming evidence of the defendant's guilt as part of our inquiry into whether the error had a tendency to affect the verdict. See, e.g., State v. Eckert, 220 Or.App. 274, 283, 185 P.3d 564, rev. den., 345 Or. 175, 190 P.3d 1237 (2008) (evidentiary error had little likelihood of affecting the verdict where "[t]he jury was presented with overwhelming evidence of defendant's guilt" and "[i]mportant parts of that evidence are not in dispute"). But even then, the inquiry is not whether an appellate court would find defendant guilty on the facts; rather, the question is whether this court can say that, given the nature and the context of the error (including the evidentiary context), that a particular error was unlikely to have played a role in the jury's determination of its verdict. Davis, 336 Or. at 32, 77 P.3d 1111 ("The correct focus of the inquiry regarding affirmance despite error is on the possible influence of the error on the verdict rendered, not whether this court, sitting as a factfinder, would regard the evidence of guilt as substantial and compelling."). In short, whether an error had little likelihood of affecting the verdict depends on the nature and context of that error.
Given the nature and context of the error in this casethat is, the failure to instruct the jury on lesser-included offenses that were supported by evidence in the record *669 we cannot say that the error had little likelihood of affecting the verdict, regardless of the strength of the state's evidence of the victim's age. As the court explained in Naylor, the failure to properly instruct the jury on a lesser-included offense has a discrete effect on the verdict for purposes of Article VII (Amended), section 3:
"The defendant presented evidence which, if believed by the jury, would support a conviction of no more than criminal trespass in the second degree. The instruction should have been given. Carter v. Mote, 285 Or. 275, 279, 590 P.2d 1214 (1979). The failure of the trial court to give the instruction resulted in the case being submitted to the jury without the complete statement of the law necessary for the jury to properly exercise its function in the trial of this defendant. We are unable to say what the verdict would have been had the theory of the defense [regarding a lesser-included offense] been properly presented to the jury. * * *.
"* * * * *
"ORS 136.465 represents a legislative choice that both the state and the defendant shall have a right to have a jury, in appropriate circumstances, consider whether the defendant is guilty of an offense less than that with which the defendant has been charged. One of the apparent reasons for the grant to the jury of this power is to avoid placing the jury in the position of making an all-or-nothing choice as between guilt and innocence where there is evidence which would justify a verdict of guilty of a lesser offense. The difficulty with presenting the jury with the all-or-nothing choice is that the jury may believe a defendant to be guilty of some apparent violation of the criminal code but not of the crime charged. The jury is then confronted with the choice of finding innocent a defendant it believes has been guilty of wrongdoing or finding a defendant guilty of a crime greater than that which the jury believes he has committed. That result of such a choice may in one case redound to the benefit of the defendant and, in another, to the `benefit of the prosecution,' assuming that an unjustified conviction can ever be found to be to the benefit of the people. By statute the legislature provides the means for avoidance of this Hobson's choice."
291 Or. at 197-99, 629 P.2d 1308 (omitted; emphasis added). This court has similarly concluded that, when the evidence warrants a jury instruction regarding a lesser-included offense, the refusal to give that instruction is prejudicial and reversible error. See State v. Leckenby, 200 Or.App. 684, 691, 117 P.3d 273 (2005) (rejecting the state's argument that, "if the jury is not aware of the lesser offense, it is unlikely to have an effect on how the jury evaluates the greater offense"); State v. Moses, 165 Or.App. 317, 326, 997 P.2d 251, rev. den., 331 Or. 334, 23 P.3d 986 (2000) ("Because the court did not give the lesser-included instructions, the jury did not have a complete statement of the law, and we are unable to determine what the verdict would have been had the jury been properly instructed." (citing Naylor, 291 Or. at 197-98, 629 P.2d 1308)); see also Trotter v. Santos, 212 Or.App. 473, 478, 157 P.3d 1233, adh'd to on recons., 214 Or.App. 696, 167 P.3d 488, rev. den., 343 Or. 691, 174 P.3d 1017 (2007) (defendant was prejudiced by trial counsel's inadequate assistance in failing to request lesser-included instruction).
The same can be said here as in Naylor, Leckenby, and Moses: The record includes substantive evidence that, if believed by the jury, would have supported convictions of no more than third-degree rape and third-degree sexual abuse. By attempting to distinguish this case based on its "overwhelming" evidence, the state essentially argues that no reasonable juror actually could have believed the scant evidence in the record that the victim was 15 or 17. But that argument, in our view, invites exactly the type of weighing of evidence that the Supreme Court cautioned against in Davis. 336 Or. at 32, 77 P.3d 1111. If, as part of a "harmless error" analysis, we were to weigh the state's and defendant's evidence as the state invites us to do, we would essentially "retry[] the case, while disregarding the error committed at trial, to determine whether the defendant is guilty." Id. In this case, had the jury not been presented with an all-or-nothing choice as a result of the incomplete instructions, it *670 might have exercised its powers differently; we cannot substitute our own view of the evidence in order to foreclose that possibility.
For those reasons, we reject the state's invitation to affirm despite the trial court's instructional error. However strong the state's evidence is regarding the victim's age, that factual dispute is squarely within the province of the jury, and is one that should be resolved in the first instance by a jury that has been correctly instructed about the law, including the lesser offenses of third-degree rape and third-degree sexual abuse.
Reversed and remanded.