Argued and submitted November 21, 2013, affirmed March 26, petition for review denied September 11, 2014 (356 Or 163)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MATTHEW BLAKE BERRY,
*Defendant-Appellant.*

Lane County Circuit Court
200815811; A148692

322 P3d 607

Bear Wilner-Nugent argued the cause and filed the briefs for appellant.

Jamie K. Contreras, Senior Assistant Attorney General, argued the cause for respondent. With her on the briefs were Mary H. Williams, Deputy Attorney General, and Anna M. Joyce, Solicitor General.

Before Duncan, Presiding Judge, and Garrett, Judge, and Schuman, Senior Judge.*

GARRETT, J.

---

* Duncan, P. J., *vice* De Muniz, S. J.; Garrett, J., *vice* Wollheim, J.

**GARRETT, J.**

Defendant appeals from a judgment of conviction following a jury trial. The jury convicted defendant on one count of rape in the second degree, ORS 163.365, and two counts of sexual abuse in the first degree, ORS 163.427. That was defendant's second trial on those charges; we reversed and remanded his earlier judgment of conviction because of an error in the jury instructions. *State v. Berry*, 238 Or App 277, 242 P3d 666 (2010). On appeal, defendant makes six assignments of error, arguing that the trial court incorrectly (1) denied his motion for acquittal on double jeopardy grounds as to the two sexual abuse counts; (2) excluded evidence at the second trial of purportedly inconsistent statements made by the victim in the first trial; (3) declined to instruct the jury on the lesser-included offenses of rape in the third degree and sexual abuse in the third degree; (4) instructed the jury that it could convict defendant with other than a unanimous vote; (5) accepted nonunanimous jury votes as valid guilty verdicts; and (6) imposed an unconstitutionally disproportionate sentence. We reject defendants' arguments and affirm.

## I. BACKGROUND

The relevant facts and procedural history are undisputed on appeal. Defendant and the victim first met online in 2008 through the "MySpace" social media website. The victim established a MySpace profile in which she asserted that she was 15 years old. She and defendant engaged in correspondence on the MySpace site and later by direct text message. In one communication, the victim told defendant that she was 17 years old. Defendant, who was 20 years old at the time, had a MySpace profile stating that he, too, was 17 years old.

Defendant and the victim met in person for the first time at a McDonald's restaurant on July 15, 2008. From there, they went to defendant's apartment, where they remained until the next day. During the evening and following morning, the two engaged in repeated nonforcible sexual encounters. They kissed; defendant touched the victim's bare breasts; the victim touched defendant's bare genitals; and they had intercourse once. On July 16, after receiving a

call from the victim's mother, the police located the victim by tracking defendant's telephone number to his apartment. Defendant was arrested at the scene.

Defendant was charged with five counts of sexual abuse in the first degree, ORS 163.427, and one count of rape in the second degree, ORS 163.365. At trial, the victim and her mother both testified that she was 13 years old at the time that the sexual conduct occurred. The state also introduced a birth certificate to that effect. Defendant introduced evidence that the victim had, at different times, represented her age as being 17 or 15. The prosecution did not object to the introduction of those representations as substantive evidence.

The jury found defendant guilty of the rape count and two of the sexual-abuse counts, acquitting him of the other three sexual-abuse counts. The verdict form did not differentiate among the sexual-abuse counts in any way except by enumerating them separately. Defendant was sentenced to 75 months in prison pursuant to ORS 137.700.

Defendant appealed, arguing that the trial court erred in refusing to instruct the jury on the lesser-included offenses of rape in the third degree and sexual abuse in the third degree. The basis of defendant's argument was that the jury had heard evidence that the victim had described herself as being 17 or 15, from which it could have concluded that the victim was in fact 17 or 15, not 13, at the time of the incident. *Berry*, 238 Or App at 279. The state conceded error but argued that the error was unlikely to have affected the verdict because the evidence that the victim was 13 at the time was "overwhelming." *Id.* at 279-80 (internal quotation marks omitted). We accepted the state's concession of error but rejected its contention that we should nonetheless affirm the verdict. "However strong the state's evidence is regarding the victim's age," we explained, "that factual dispute is squarely within the province of the jury, and is one that should be resolved in the first instance by a jury that has been correctly instructed about the law, including the lesser offenses of third-degree rape and third-degree sexual abuse." *Id.* at 283-84. Accordingly, we reversed defendant's convictions and remanded the case to the trial court.

In 2011, defendant was tried again on the rape count and the two sexual-abuse counts. Before trial, the prosecution moved to exclude, as hearsay, the victim's out-of-court statements that she was 17 or 15. Defendant opposed the motion, arguing that the prosecution should have made that argument at the first trial and, furthermore, that the victim's statements regarding her age were admissible as substantive evidence. The trial court ruled that the victim's statements to the effect that her age was 17 or 15 would be allowed for impeachment purposes only and later instructed the jury as follows:

> "There was testimony in this trial that prior to or at the time of the alleged crimes, [the victim] made statements that she was both 17 years old and 15 years old. These prior inconsistent statements were offered for the limited purpose of impeaching her trial testimony that she was actually 13 years old at the time of the alleged crimes and may not be used as substantive evidence.

> "Evidence of a prior inconsistent statement is offered to impeach the credibility of a witness. Specifically, it is offered to prove that an inconsistent statement was made, not the truthfulness of that prior statement."

At the conclusion of the state's case, defendant moved for a judgment of acquittal on the two sexual abuse counts. Defendant argued that the prosecution had failed to introduce any new evidence at the second trial to differentiate those counts from the three sexual abuse counts on which defendant had been acquitted in his first trial, and that defendant had consequently been subjected to "retrial" on those acquitted counts in violation of the double jeopardy protections afforded by the United States and Oregon constitutions. The trial court denied the motion.

As in the first trial, the verdict form in the second trial did not differentiate among the two counts of sexual abuse except to enumerate them in separate counts. The jury found defendant guilty of both sexual-abuse counts and on the rape count. Defendant was sentenced on each count to the mandatory minimum term of 75 months set out in ORS 137.700 (with the terms to run concurrently), and to 10 years of post-prison supervision less time served in prison, pursuant to ORS 144.103(1).

## II. DISCUSSION

A. *Denial of defendant's motion for judgment of acquittal*

In his first assignment of error, defendant argues that the trial court should have granted his motion for judgment of acquittal on the two counts of sexual abuse in the first degree because the evidence put forward by the prosecution in the second trial was materially indistinguishable from that offered in the first trial, in which defendant was acquitted on three counts of that same crime. Citing the double jeopardy provisions in the Fifth Amendment to the United States Constitution and Article I, section 12, of the Oregon Constitution, defendant reasons that,

> "[i]n order to be certain that, in the second trial, defendant was not being convicted for conduct of which the first jury had acquitted him, the state had an obligation to introduce evidence from which a rational trier of fact could have distinguished the counts of former conviction from the counts of acquittal. It did not do so."

The state responds that defendant waived any double jeopardy argument by failing to raise it before trial. The state also argues that defendant sought improperly to place the burden on the state to "prove that there was no double-jeopardy issue." Defendant counters that a motion for judgment of acquittal was the only appropriate vehicle through which to raise his double jeopardy argument because his challenge is essentially one to the sufficiency of the state's evidence. That is, in light of the procedural history of this case, defendant argues that the double jeopardy problem only arose once the state failed to produce any evidence in the second trial that had not been before the jury in the first trial.

It is well settled that the burden is on a defendant to timely raise and prove the elements of double jeopardy. *See State v. Neighbors*, 55 Or App 882, 640 P2d 643, *rev den*, 293 Or 340 (1982) (double jeopardy protection is a personal right that is waived if not raised by a defendant); *State v. Fore*, 185 Or App 712, 715, 62 P3d 400 (2003) ("A defendant has the burden of establishing each element of former jeopardy."). Prior cases have articulated the need for a defendant to raise the double jeopardy issue before trial. *See, e.g.,*

*State v. Watson*, 193 Or App 757, 761, 91 P3d 765, *rev den*, 337 Or 476 (2004) ("Under ORS 135.470 and ORS 135.520, the defendant must raise the issue by a pretrial motion to dismiss, which the trial court decides as a matter of law."). In *State v. McClendon*, 204 Or App 459, 131 P3d 765 (2006), a case of particular relevance here, the defendant raised double jeopardy for the first time in a motion for a judgment of acquittal. The defendant in *McClendon* argued that, "at least in some circumstances, the facts giving rise to a double jeopardy motion may not become apparent until well into the second trial itself, in which case it should be permissible to raise the issue by way of a motion for judgment of acquittal." *Id.* at 463. Without squarely resolving that issue, we concluded that the defendant's argument was untimely because "all the facts pertinent to the double jeopardy issue were well known before the second trial commenced." *Id.*

Defendant seeks to distinguish *Watson*, ORS 135.470, and ORS 135.520 on the ground that they address a defendant's challenge to an *indictment*, whereas defendant here challenges the sufficiency of the state's *evidence* in a motion for judgment of acquittal. He argues that the authorities relied on by the state are inapposite to a situation where the double jeopardy problem manifests itself only after trial begins; he argues further that no statute or case expressly bars raising double jeopardy in a motion for judgment of acquittal.

We need not resolve the question of whether there are any conceivable circumstances in which a double jeopardy argument may be raised for the first time in a motion for judgment of acquittal. We conclude that, as in *McClendon*, defendant had the information that he needed in order to raise his double jeopardy claim before trial and, therefore, waived that claim by not doing so. Specifically, defendant was aware of what evidence had been introduced in the first trial; he was aware that neither the indictment nor the verdict form from the first trial differentiated factually among the five counts of sexual abuse in the first degree; and he was aware that the first jury had convicted him on two such counts and acquitted him on three others but that, in light of the verdict form, it was impossible to know precisely what conduct formed the basis for the two counts of conviction.

Consequently, on remand, when the prosecution sought to try defendant again on the two sexual-abuse counts, defendant had the opportunity to put the prosecution and the trial court on notice that defendant believed some new evidence not presented to the first jury would be necessary in order to ensure that he was not tried on the same facts on which he had been acquitted. He did not do so. Accordingly, he waived his opportunity to raise the issue.

We find support for our conclusion in the following discussion from *Watson*:

"Among the purposes of an indictment is to secure a defendant's right against former jeopardy by identifying the crime so as to protect the defendant against further prosecution based on that crime. * * * However, Oregon courts do not require an indictment to charge the offense with great specificity, at least for relatively simple crimes such as theft. Rather, the courts rely on discovery to inform the defendant of the details of the alleged crime that are necessary to be able to defend against the charge. * * * *Thus, a defendant seeking to assert a former jeopardy bar to a second prosecution may have to go beyond the words of the charging instruments in order to prove that the crimes alleged are the same. Under ORS 135.470 and ORS 135.520, the defendant must raise the issue by a pretrial motion to dismiss, which the trial court decides as a matter of law. To decide such a motion, however, the trial court must necessarily resolve any factual issues, a role that the statute implicitly commits to it.*

"Deciding former jeopardy issues has always involved resolving factual questions. Before the adoption of ORS 135.470 in 1973, a defendant raised the issue by a plea of former judgment of conviction or acquittal, * * * and the jury decided the issue by a verdict, although the court could decide the issue as a matter of law if the facts were clear. * * * Although there do not appear to be any Oregon cases on point, federal courts, which followed a similar procedure, anticipated that a defendant might need to produce evidence to identify property or other details that an indictment described only in general terms. * * *

"In adopting ORS 135.470, the legislature transferred the factual decision from the jury to the court, but there is no indication that it intended to affect the parties' ability to introduce parol evidence when that evidence is necessary to make an incomplete written record complete. As

a practical matter, that means that the trial court, rather than a jury, must find any facts that are necessary to the legal decision, similarly to the way the court resolves factual issues in deciding motions to suppress and other pretrial matters."

193 Or App at 760-62 (emphasis added; internal citations omitted). Based on the foregoing discussion in *Watson*, we reject defendant's argument that his double jeopardy claim only became "ripe" after he saw what evidence the state put forward in the second trial. *Watson* establishes that a defendant can and must raise the double jeopardy issue in a pretrial motion if there is a basis on which the defendant can reasonably anticipate that a double jeopardy problem may exist. *Watson* further establishes that even an indictment lacking in factual detail may be sufficient to give such notice and that the defendant has the burden of raising the issue even if the defendant has to "go beyond the words of the charging instruments in order to prove that the crimes alleged are the same." *Id.* at 761. In short, defendant was not relieved of his burden to raise double jeopardy in a pretrial motion simply because his argument was dependent on factual issues.

Because defendant had the information that he needed in order to raise his double jeopardy claim before the second trial began and failed to do so, that claim was waived. *Neighbors*, 55 Or App at 884; *McClendon*, 204 Or App at 463. The trial court correctly denied defendant's motion for a judgment of acquittal.

B. *Exclusion of the victim's statements regarding her age*

In his second assignment of error, defendant argues that the trial court erred in barring as substantive evidence the victim's out-of-court representations that she was 17 years old or 15 years old. The trial court determined that the statements were hearsay, allowed those statements for impeachment purposes only, and gave the jury a limiting instruction to that effect.

We review the court's ruling excluding the victim's statements for legal error. *State v. Titus*, 328 Or 475, 481, 982 P2d 1133 (1999); *State v. Arellano*, 149 Or App 86, 90, 941 P2d 1089 (1997), *rev dismissed*, 327 Or 555 (1998).

Defendant argues that the victim's out-of-court statements that she was 17 or 15 fall within the hearsay exclusion in OEC 801(4), which provides, in part, that a statement is not hearsay if:

"(a) The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is:

"(A) Inconsistent with the testimony of the witness and was given under oath subject to the penalty of perjury at a trial, hearing or other proceeding, or in a deposition[.]"

Defendant portrays an inconsistency between the victim's testimony at the second trial that she was 13 years old at the time of the incident and her testimony at the first trial that she had made misrepresentations to defendant about her age.

Defendant is incorrect. The victim's testimony at the second trial that she was 13 years old at the time of the incident was consistent with her testimony at the first trial, where she testified that she was 13 years old at the time of the incident and also that she had *misrepresented her age* to defendant. Because there was no inconsistency, the OEC 801(4) exclusion does not apply. The trial court's ruling excluding the substantive use of the victim's out-of-court statements about her age was correct.[1]

C. *Refusal to instruct jury on lesser-included offenses*

Defendant was tried on charges of sexual abuse in the first degree, ORS 163.427, and rape in the second degree, ORS 163.365, both of which require proof that the victim was under the age of 14. In his third assignment of

---

[1] Defendant asserts that the prosecution at the second trial should not have been allowed to object to the use of substantive evidence to which the prosecution did not object at the first trial. Defendant cites no authority for this proposition, and we are aware of none. To the extent that defendant is raising a "law of the case" argument, we reject it. During defendant's first trial, the state offered no objection to the use of the victim's out-of-court statements as substantive evidence of her true age. Thus, on appeal, we had no cause to consider whether those statements fell within the hearsay exclusion in OEC 801(4). *Berry*, 238 Or App 277; *see also Hayes Oyster Co. v. Dulcich*, 199 Or App 43, 54, 110 P3d 615, *rev den*, 339 Or 544 (2005) ("'[L]aw of the case' is a doctrine that should be invoked to preclude parties from revisiting issues that already have been fully considered by an appellate court in the same proceeding.").

error, defendant argues that the trial court erred in failing to instruct the jury on the lesser-included offenses of rape in the third degree, ORS 163.355, and sexual abuse in the third degree, ORS 163.415. Those crimes require the prosecution to prove, respectively, that the victim was under the age of 16 and under the age of 18. Defendant argues that the lesser-included-offense instructions were warranted because the jury could have found that the victim, at the time of the crimes, was 15 or 17 rather than 13.

"[A] defendant is not entitled to a jury instruction on a lesser-included offense unless there is evidence from which a jury could rationally find guilt of a lesser-included offense and no guilt of the offense charged." *State v. Wille*, 317 Or 487, 494, 858 P2d 128 (1993) (internal quotation and brackets omitted).

The problem with defendant's argument is that, unlike in his first trial, there was no evidence at the second trial from which the jury could have concluded that the victim was any age other than 13 at the relevant time. The victim's misrepresentations that she was older were received as substantive evidence in the first trial; these formed the basis for defendant's first appeal and our decision to remand. *Berry*, 238 Or App at 279-80. As discussed above, the victim's misrepresentations were not received as substantive evidence in the second trial, and we have determined that the trial court did not err in that regard.

We agree with the state that, in the absence of substantive evidence that the victim was younger than 18 but older than 13, the jury could not rationally have convicted defendant of the lesser-included offenses of third-degree sexual abuse and third-degree rape. *Wille*, 317 Or at 494. The trial court did not err in refusing to instruct the jury on those crimes.

D. *Assignments of error related to jury unanimity*

In his fourth and fifth assignments of error, defendant challenges the 10 to 2 verdict by which the jury convicted him on each of the three counts. Defendant argues that guilty verdicts must be unanimous under the Sixth Amendment to the United States Constitution. Defendant

also acknowledges that we have previously rejected this argument in *State v. Bowen*, 215 Or App 199, 168 P3d 1208 (2007), *adh'd to as modified on recons*, 220 Or App 380, 185 P3d 1129 (2008), *rev den*, 345 Or 415 (2009). We decline defendant's request to revisit and overrule our decision in *Bowen*.

### E. *Proportionality of defendant's sentence*

In his sixth and final assignment of error, defendant contends that his sentence of 75 months on each count of conviction (to run concurrently) is a disproportionate punishment in violation of Article I, section 16, of the Oregon Constitution, which provides, in pertinent part, that "[c]ruel and unusual punishments shall not be inflicted, but all penalties shall be proportioned to the offense."

We review sentences for legal error. ORS 138.222(4); *State v. Ferrara*, 218 Or App 57, 67-68, 178 P3d 250, *rev den*, 344 Or 539 (2008).

There is no dispute that the trial court imposed the minimum sentence that was statutorily required for the offenses of second-degree rape and first-degree sexual abuse. *See* ORS 137.700(2)(a)(K), (P). Defendant relies upon *State v. Rodriguez/Buck*, 347 Or 46, 217 P3d 659 (2009), in which the Supreme Court held that the imposition of a mandatory minimum sentence violates Article I, section 16, if it would "shock the moral sense" of reasonable people. *Id*. at 58 (internal quotation marks omitted). The court articulated "at least three factors" that bear on that analysis: "(1) a comparison of the severity of the penalty and the gravity of the crime; (2) a comparison of the penalties imposed for other, related crimes; and (3) the criminal history of the defendant." *Id*.

We are not persuaded that defendant's case is one of those "rare circumstance[s] in which the statutorily prescribed penalty is so disproportionate to the offenses committed * * * that it 'shocks the moral sense' of reasonable people." *Id*. at 79. Defendant's argument boils down to the facts that the conduct was, if not legally, at least factually consensual; that the victim misled him about her age; and that he had no prior criminal history. Those facts, however,

do not seem particularly unusual in the context of statutory sexual offenses involving underage victims. Moreover, the trial court was not obligated to take the defendant's assertion that he was deceived at face value. The record indicates that the victim's MySpace page indicated that she was 15 years old but that she also communicated to defendant that she was 17 years old. That inconsistency might reasonably have alerted defendant to the fact that the victim was not being truthful about her age.

Moreover, as the state points out, the conduct at issue in *Rodriguez/Buck* was at the mild end of the broad spectrum encompassed by the crime of first-degree sexual abuse—a one-time, over-the-clothes touching—whereas, in this case, defendant engaged in repeated offenses with a 13-year-old over the course of two days, including sexual intercourse. In short, defendant's conduct is at the heart of what the first-degree sexual abuse and second-degree rape statutes are intended to proscribe. Accordingly, we are unable to conclude that the 75-month sentence that the trial court imposed in this case would "shock the moral sense" of reasonable people.

Affirmed.