*675 WALTERS, J.,
concurring in the judgment.
When a defendant is entitled to a jury instruction on a lesser-included offense, competent trial counsel must make a conscious choice about whether to request such an instruction. See Lichau v. Baldwin, 333 Or 350, 360, 39 P3d 851 (2002); Stevens v. State, 322 Or 101, 109, 902 P2d 1137 (1995) (tactical decisions require a conscious choice to take or to omit action). In making such a choice, counsel must consider the “likely costs and potential benefits of the contemplated action.” Lichau, 333 Or at 360.
In this case, as the majority acknowledges, there is evidence in the record that would permit the post-conviction trial court to conclude that petitioner’s trial counsel failed to make such a conscious choice or engage in such a cost-benefit analysis. However, because the court’s letter opinion does not include an express finding to that effect, the majority remands for a determination of those facts. I concur, but write separately to emphasize some of the factors that the post-conviction trial court may wish to consider in determining whether petitioner’s trial counsel made a deliberate decision not to seek a jury instruction on third-degree robbery or unreasonably failed to consciously consider that approach.
The factors that I consider particularly significant in this case are the high degree of risk posed by the failure to request a jury instruction on third-degree robbery and the low cost of seeking such an instruction. In this case, the “all or nothing” approach that trial counsel took (whether wittingly or unwittingly) meant that the only crime for which the jury could convict defendant was first-degree robbery — a crime that carries a mandatory minimum sentence of 90 months (seven and one-half years). The jury could not convict defendant of the lesser crime of third-degree robbery, which carries a sentence ranging from probation to 16 months in prison. The post-conviction trial court found that the evidence relevant to those offenses was “in sharp dispute.” The court explained that, “[i]f the store employees are to be believed, there was clearly a Robbery I. If the petitioner in this case is believed there was at most a Robbery III and maybe only a Theft.” The post-conviction trial court *676 concluded that, “short of evidence that the petitioner in this case instructed the trial attorney to take an ‘all or nothing’ approach as she did (and there is no such evidence), I simply cannot imagine why defense counsel would not have at least asked for at least a Robbery III and probably should have asked for a simple Theft instruction as well.”
Although the post-conviction court did not say so expressly, its conclusion may well reflect the view that, given the particular facts in this case, the risk that an “all or nothing” strategy posed was so high (seven and one-half years of certain confinement on conviction), and the cost of seeking a lesser-included offense instruction was so low (adding a possibility of short-term imprisonment without relinquishing an argument for acquittal), that it is more probable than not that petitioner’s trial counsel did not engage in the necessary decision-making. On remand, the post-conviction court will have an opportunity to consider those and other factors identified by the majority, the dissent, and the parties, and to determine whether counsel consciously made a tactical decision not to request a jury instruction on third-degree robbery. The legislature has directed that a jury be instructed on relevant lesser-included offenses on request. State v. Zolotoff, 354 Or 711, 717, 320 P3d 561 (2014). A decision to forego such a request may not be unreasonable as a matter of law, but the post-conviction court must be persuaded that, as a matter of fact, trial counsel consciously chose to adopt such an “all or nothing” strategy.